DAVID STEELE *v.* TOWN OF STONINGTON
(14497)

PETERS, C. J., CALLAHAN, BERDON, NORCOTT and KATZ, Js.

Argued December 4, 1992—decision released March 23, 1993

*William F. Gallagher,* with whom, on the brief, were *Peter J. Bartinik* and *Cynthia C. Bott,* for the appellant (plaintiff).

*Brian W. Smith,* for the appellee (defendant).

BERDON, J. The principal issue in this case is whether the trial court was correct in granting summary judgment to the defendant town of Stonington on the ground that the plaintiff's action is based on negligence rather than the municipal highway defect statute.[1]

This action arises out of an accident that occurred on August 12, 1988. The plaintiff, David Steele, was operating a motorcycle on a road that the defendant had a duty to maintain. His complaint alleged that he sustained serious injuries after a pothole caused him to lose control of his motorcycle and crash into a stone wall. The plaintiff furnished the defendant with written notice of his intention to sue on November 3, 1988. The notice stated that it was being given pursuant to General Statutes § 7-465, the municipal employee indemnification statute.[2]

After the pleadings were closed, the defendant moved for summary judgment. The defendant's principal argu-

---

[1] Because of our disposition of this appeal, we need not address the plaintiff's additional claim that the trial court erred in failing to follow the law of the case.

[2] General Statutes § 7-465 makes municipalities liable for certain damages caused by their employees to third parties in the course of their duties as employees.

ment was that the municipal highway defect statute, General Statutes § 13a-149,[3] was the plaintiff's exclusive remedy, that the plaintiff's action was grounded in negligence rather than the statute, and that summary judgment was therefore appropriate. The trial court agreed with the defendant's argument and rendered summary judgment. The plaintiff moved to reargue[4] and set aside the judgment; the motion was denied. The plaintiff then appealed the judgment to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse.

---

[3] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough . . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[4] We note that when the plaintiff moved to reargue the motion for summary judgment, the trial judge questioned whether he had the authority to entertain such a motion because there is no provision for such reargument in the Practice Book. Notwithstanding the absence of a rule or statute, it is the inherent authority of every court, as long as it retains jurisdiction, to reconsider a prior ruling. As the United States Supreme Court has said: "It is a power inherent in every court of justice so long as it retains control of the subject matter and of the parties, to correct that which has been wrongfully done by virtue of its process." (Citations omitted; internal quotation marks omitted.) *United States* v. *Morgan,* 307 U.S. 183, 197, 59 S. Ct. 795, 83 L. Ed. 1211 (1939); see *Board of Education* v. *New Haven,* 221 Conn. 214, 215, 602 A.2d 1018 (1992) ("[i]t is puzzling to us why, after the trial court rendered the judgment of dismissal, none of the parties ever sought to reargue the dismissal before the trial court"). If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order, provided it retains jurisdiction over the subject matter and the parties.

We agree with the trial court and the defendant that, pursuant to the Tort Reform Act of 1986,[5] "an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision 'for damages resulting from injury to any person or property by means of a defective road or bridge.'" *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 192, 592 A.2d 912 (1991). We disagree, however, with the defendant's argument that the plaintiff's claim must be construed as a negligence claim rather than a claim pursuant to § 13a-149.

The defendant argues that the plaintiff's claim should be construed as one based upon negligence rather than § 13a-149 because the plaintiff's complaint contains specific allegations of negligence.[6] Common law negligence principles are, however, "a foundation for determining whether the defendant breached its duty under § 13a-149." *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 457, 612 A.2d 114 (1992). "[E]ven though the plaintiff's cause of action is statutory, principles of negligence are instructive in analyzing the extent of the defendant's duty to the plaintiff." Id.

Indeed, although the cause of action under § 13a-149 is predicated upon a defective highway, we have long held that the municipality's liability under the statute resembles liability for negligence. See, e.g., *Bacon* v. *Rocky Hill,* 126 Conn. 402, 404, 11 A.2d 399 (1940); *Frechette* v. *New Haven,* 104 Conn. 83, 87–90, 132 A. 467 (1926). If a difference does exist between an action predicated on the municipal highway defect statute and negligence, that difference, except for the requirement that the plaintiff act with due care, is paper thin. So, for example, we have held that to "establish liability [under § 13a-149], the plaintiff ha[s] the burden of prov-

[5] Public Acts 1986, No. 86-338.
[6] See footnote 8.

ing (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the . . . [highways] within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care." *Rodriguez* v. *New Haven,* 183 Conn. 473, 476, 439 A.2d 421 (1981); see *Burke* v. *West Hartford,* 147 Conn. 149, 151, 157 A.2d 757 (1960), and cases cited therein; *Frechette* v. *New Haven,* supra, 87–88, and cases cited therein. The similarities between these requirements and the elements of negligence are so strong that it was not inappropriate for the plaintiff to allege negligence in stating a claim under § 13a-149.

The defendant also argues that the plaintiff's claim should be construed as a negligence action rather than a § 13a-149 suit because the complaint fails to cite § 13a-149,[7] and fails to allege due care on the plaintiff's part. The complaint, however, does allege that the defendant is a municipal corporation "charged with the proper care and maintenance of the streets and highways"; that on August 12, 1988, the plaintiff had been operating a motorcycle on Flanders Road in Stonington; that "as the Plaintiff approached a curve in said road approximately 3/10 of a mile north of Deans Mill Road, the Plaintiff suddenly encountered a series of potholes and bumps in the road, causing him to lose control of his motorcycle and impact with a stone wall along the side of the road"; that the defendant had actual or constructive notice of the potholes and bumps;

---

[7] It is clear that our general practice in this state is to require fact pleading only. Practice Book §§ 108 and 109. Practice Book § 109A provides in part, however, that "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." Although the plaintiff failed to cite General Statutes § 13a-149 in his complaint as the basis for his action, we have held that § 109A is merely directory and not mandatory. *Rowe* v. *Godou,* 209 Conn. 273, 275, 550 A.2d 1073 (1988).

that the plaintiff's accident was caused by specific acts of negligence; that he was injured and incurred damages as a result; and that he gave notice to the defendant and annexed a copy of the notice to the complaint.[8] Surely, these allegations are sufficient to satisfy the first two requirements set forth in *Rodriguez* v. *New Haven*, supra.

The only prong of *Rodriguez* not covered by the complaint is that the plaintiff failed to plead due care affirmatively. The defendant's answer, however, alleged contributory negligence as a special defense, and the plaintiff denied this allegation in his reply. Thus, the pleadings do raise the plaintiff's due care as an issue of fact, rendering summary judgment on the plaintiff's § 13a-149 claim inappropriate. See Practice Book § 384.

Finally, the defendant points to the citation of the wrong statute in the plaintiff's notice as a reason to uphold the grant of summary judgment. As we have concluded today in the companion case of *Pratt* v. *Old Saybrook*, 225 Conn. 177, 621 A.2d 1322 (1993), the mere reference in the notice to § 7-465 instead of § 13a-149 did not invalidate the notice. Further, the improper citation to § 7-465 in the notice (which is incorporated in the complaint) did not transform the plaintiff's claim into an action predicated on negligence rather than on § 13a-149.

Accordingly, we conclude that the allegations of the complaint were sufficient to state a cause of action

---

[8] The plaintiff alleged more specifically in his complaint that the defendant was negligent in one or more of the following ways: "(a) The Defendant failed to fill or otherwise repair the potholes in the road surface; (b) [t]he Defendant failed to remove the bumps and level the road surface; (c) [t]he Defendant permitted said holes and bumps to remain on the highway for an unreasonable length of time; and (d) [t]he Defendant failed to erect any warning signs or otherwise failed to warn motorists of the condition existing on the highway in violation of Connecticut General Statutes Section 13a-120."

under § 13a-149, and that the plaintiff gave sufficient notice under that statute, despite his incorrect reference to § 7-465.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.