[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR HEARING
On April 15, 1993, this court granted defendant's motion for summary judgment in Waller v. State, D.N. 094816, on the ground that the court lacked subject matter jurisdiction over the action because plaintiff did not institute the action within the three year time period mandated by General Statutes 52-555. See Waller v. State, 9 Conn. L. Rptr. 5 (April 15, 1993, Cofield, J.).
On the same date, this court granted defendant's motion for summary judgment in Waller v. Daniels, D.N. 085939, also on the basis that the court lacked jurisdiction over the matter. See Waller v. Daniels, 9 Conn. L. Rptr. 8 (April 15, 1993, Cofield, J.). Plaintiff instituted this action before the claims commissioner granted permission to sue the state, and plaintiff attempted to correct the defect by filing an amended complaint CT Page 9327 after receiving the requisite permission. However, this court observed that the defect, which implicated the subject matter jurisdiction of the court, was not curable by filing an amended complaint. Subsequently, plaintiff filed a motion to reargue and set aside the judgment, and a motion to join and consolidate the appeals.
On September 30, 1993, plaintiff submitted a motion for hearing, arguing that she has a right to oral argument pursuant to Practice Book 211(B) and (C)(1).
Motion to Reargue and Set Aside Judgment, Dated May 4, 1993 Motion for Hearing, Dated September 30, 1993
A court possesses inherent authority to reconsider a prior ruling "as long as it retains jurisdiction . . . ." (Emphasis provided). Steele v. Stonington, 225 Conn. 217, 219 n. 4, ___ A.2d ___ (1993). If a court is not convinced that its prior ruling is correct, "then in the interest of justice it should reconsider the order, provided it retains jurisdiction over the subject matter and the parties." (Emphasis provided.) Id., 219 n. 4.
Because this court previously concluded that it lacked subject matter jurisdiction over these actions, this court does not have the power to reconsider its prior ruling. Accordingly, plaintiff's motion to reargue is denied.
Motion to join and Consolidate Appeals, Dated May 4, 1993
Plaintiff further moves to consolidate Waller v. State, D.N. 094816, and Waller v. Daniels, D.N. 085939, so that "a joint appeal be filed and that only a single record be prepared." However, 4004 of Connecticut's Rules of Appellate Procedure provides, in part, that "[s]eparate cases heard together and involving at least one common party may as of right be appealed jointly, provided all the trial court docket numbers are shown on the appeal form."
Accordingly, plaintiff does not require a court order to file a joint appeal.
COFIELD, J. CT Page 9328