[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' MOTION TO DISMISS (FILE #101)
It is alleged that plaintiff employed individuals who were paid commissions rather than an hourly rate of compensation; the Labor Department informed plaintiff, in writing, that such employees must be paid overtime compensation. Plaintiff contends (and has alleged in its complaint) that the employees are exempt from the wage laws pertaining to overtime compensation under General Statutes Section 31-76i(o).[1] Plaintiff has alleged that it requested a declaratory ruling from the Department interpreting the exemption provision; a declaratory ruling, dated April 22, 1993, was issued by the agency; plaintiff disagrees with the Department's ruling, based on the plain and unambiguous language of Section 31-76i(o); and, the agency's declaratory ruling "interferes with and impairs [plaintiff's] legal rights and privileges in that the ruling would require [plaintiff to pay] retroactively . . . amounts in excess of the compensation agreed to between [plaintiff] and its Employees, and in excess of what the Law requires." Plaintiff's prayer for relief reads, as follows: CT Page 685
 "WHEREFORE, pursuant to Connecticut General Statutes 4-175, the Plaintiff seeks a declaratory judgment:
 1. That the Declaratory Ruling made by the Labor Department on April 22, 1993 is in error.
 2. Declaring that the Employees are exempt from Connecticut's overtime provisions under Connecticut General Statutes 31-76i(o).
 3. Such other and appropriate relief as this Court may deem proper."[2]
Defendants have filed a motion to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter on the basis of sovereign immunity. In their accompanying memorandum of law, defendants argue that Section4-175 allows the court to issue a declaratory judgment only after a party has requested a declaratory ruling by a state agency under General Statutes 4-176, and that the agency has either failed to follow the requirements of 4-176(e), or has decided not to issue a declaratory ruling. Defendants argue that since the Labor Department did issue a declaratory ruling under 4-176, the court lacks subject matter jurisdiction to issue a declaratory judgment under 4-175. Plaintiff has filed a memorandum in opposition to the defendants' motion, accompanied by a "Request for Leave to Amend the Demand for Relief" and an "Amended Demand for Relief." Plaintiff asserts that it inadvertently requested relief under 4-175, "which is proper only when an agency fails to issue a declaratory ruling, and that in the instant case, the correct statutory authority is Section 4-183, which permits an appeal from the agency ruling." Plaintiff requests "Leave to Amend the Demand for Relief to correct the defect", claiming that the court "has subject matter jurisdiction . . . because [plaintiff] followed the proper procedures and filed this action in a timely manner." Also, that "[t]he fact that an incorrect statutory reference was included in the Demand for Relief would not deprive the Court of the ability to hear this appeal." (Emphasis added).
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Practice Book CT Page 686 143(1); Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). The defense of sovereign immunity may be raised on a motion to dismiss an action against the state. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983); see also: Barde v. Board of Trustees,207 Conn. 59, 539 A.2d 1000 (1988). Whenever the absence of subject matter jurisdiction is brought to the notice of the court, cognizance of it must be taken, and the matter passed upon, before the court can move one step further, as any movement is necessarily the exercise of jurisdiction. Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183
(1982); see also: Castro v. Viera, 207 Conn. 420, 429,541 A.2d 1216 (1988). Every presumption favors the jurisdiction of a court. Monroe v. Monroe, 177 Conn. 173, 177,413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20,62 L.Ed.2d 14 (1979); see: Gurliacci v. Mayer, 218 Conn. 531, 543,590 A.2d 914 (1991). If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, supra at p. 227. The complaint is to be construed in a manner most favorable to the plaintiff. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983).
Our general practice in this state is to require fact pleading only. Practice Book Sections 108 and 109; State v. Stonington, 225 Conn. 217, 221 fn. 7, 622 A.2d 551 (1993). The requirement in Practice Book 109A that the pleader specifically identify the number of the statute upon which he relies is directory, rather than mandatory. Id., citing Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988).
Plaintiff alleged that it is seeking a declaratory judgment under General Statutes Section 4-175; however, plaintiff's allegations state that the Labor Department issued a declaratory ruling pursuant to Section 4-176. Since the Department has, in fact, issued the declaratory ruling, plaintiff should have brought this action as an appeal to the court from the agency's ruling, such appeal appropriately brought under Sections 4-176(h) and 4-183. Notwithstanding plaintiff's reference to the incorrect statute, the substance of the factual allegations contained in the complaint would entitle it to appeal from the Department's declaratory ruling under the applicable statutory provisions (i.e. Sections4-176(h) and 4-183). See: e.g., Steele v. Stonington, supra at p. 221-22 (in a defective highway action, it was held that CT Page 687 notice to the town was sufficient even though it referred to the incorrect statute, and, that the factual allegations of the complaint were sufficient to state a cause of action irrespective of the plaintiff's failure to cite a statute). Plaintiff, here, has served the defendants and filed its complaint, within the time limits for an appeal pursuant to Section 4-183(c). Thus, construing the factual allegations of the complaint most favorably to the plaintiff, and indulging the presumption in favor of jurisdiction, it is the court's view that plaintiff's complaint is appropriately considered a timely appeal from the declarative ruling (final decision) of the Labor Department. With respect to an appeal from the agency's ruling, this court has subject matter jurisdiction.
For the reasons stated herein, defendants' motion to dismiss (#101) is hereby Denied.
Mulcahy, J.