[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, by way of an amended complaint filed June 24, 1994, claims damages sustained from an automobile accident allegedly caused by a defective road maintained by the defendant Town of Prospect. In the first count, the defendant alleges a cause of action based on the municipal defective highway statute, General Statutes § 13a-149, and in the second count, a common-law nuisance cause of action.
On February 1, 1994, the defendant moved to strike both CT Page 8534 counts of the plaintiff's amended complaint of June, 1992. At oral argument on the motion to strike, the parties represented that the second count was withdrawn by agreement and the parties restricted argument to the first count. Accordingly, based on the representation of the parties at oral argument, this court shall consider the motion to strike only the first count.
The defendant moves to strike the first count, based on the defective highway statute, General Statutes § 13a-149, on the ground that is legally insufficient for want of an allegation of due care. The plaintiff filed a memorandum in objection to the motion to strike.
The motion to strike challenges the legal sufficiency of a complaint or count therein. See Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992). The court must view the allegations of the complaint in the light most favorable to the plaintiff. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commissioners,182 Conn. 138, 140, 438 A.2d 27 (1980). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
As noted above, the defendant argues that the first count is legally insufficient due to the lack of an allegation of the plaintiff's due care. The plaintiff argues in opposition that the allegation in his complaint that defect was the sole proximate cause of the accident satisfies the requirement of alleging the plaintiff's due care.[1]
 [T]o "establish liability [under 13a-149], the plaintiff ha[s] the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the . . . [highways] within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care." Rodriguez v.CT Page 8535 New Haven, 183 Conn. 473, 476, 439 A.2d 421 (1981); see Burke v. West Hartford, 147 Conn. 149, 151, 157 A.2d 757 (1960), and cases cited therein. . . .
(Additional citations omitted.) Steele v. Stonington, 225 Conn. 217,220-21, 622 A.2d 551 (1993). In Steele v. Stonington, supra, the plaintiff failed to include an allegation in his defective highway claim that he was exercising due care at the time of his accident. The supreme court, in reviewing the plaintiff's complaint, noted that
 the only prong of Rodriguez not covered by the complaint is that the plaintiff failed to affirmatively plead due care. The defendant's answer, however, alleged contributory negligence as a special defense, and the plaintiff denied this allegation in his reply. Thus, the pleadings do raise the plaintiff's due care as an issue of fact. . . .
Id., 222. Accordingly, the issue of the plaintiff's due care must be raised by the pleadings in order to sustain an action based on General Statutes § 13a-149. It should be noted, however, that the complaint in Steele v. Stonington, supra,225 Conn. 221-22, contained neither an allegation of due care nor sole proximate cause. The complaint merely contained allegations of the defendant's negligent acts. Id. Therefore, although the court noted that the issue of due care must be raised by the pleadings in order to sustain a valid defective highway claim, the court did not indicate whether an allegation of sole proximate cause satisfies the requirement for raising the issue of the plaintiff's due care.
As noted, in the present case the plaintiff's amended complaint contains an allegation that the defect was the sole proximate cause of the plaintiff's accident. In Stevens v. Cityof New Haven, Superior Court, judicial district of New London, Docket No. 508985 (June 19, 1990, Kaletsky, J.), reversed on other grounds, Sanzone v. Board of Police Commissioners,219 Conn. 179, 192, 592 A.2d 912 (1991), the court held that a defective highway claim lacking an allegation of due care is legally sufficient when the plaintiff has alleged that the defect was the sole and proximate cause of the plaintiff's accident.
Similarly, in O'Neil v. Burns, 2 CSCR 3, 4 (November 12, CT Page 8536 1986, Reynolds, J.), the court held that "where . . . there are no third parties who may have contributed to the plaintiff's injuries, an allegation that the plaintiff was exercising due care is tantamount to an allegation that the alleged defect was the sole proximate cause of the accident." Conversely, where there are no third parties, as in the present case, an allegation that the defect was the sole proximate cause of the injury is tantamount to an allegation that the plaintiff was exercising due care, because an allegation of sole proximate cause, if proven, would indicate that the accident was not the result of the plaintiff's failure to exercise due care.
It should be noted that the court in Steele v. Stonington, supra, 225 Conn. 221-22, found that the issue of due care had been properly raised, even though an allegation of due care was lacking in the plaintiff's complaint, because the plaintiff denied an allegation of contributory negligence raised in the defendant's special defense. Similarly, where there are no third parties, and the plaintiff has alleged that the defect was the sole proximate cause of the plaintiff's accident, the allegation of sole proximate causation properly raises the issue of the plaintiff's due care.
Accordingly, the defendant's motion to strike is denied.
/s/ Sylvester SYLVESTER, J.