[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On January 25, 1995, the plaintiffs, Joseph Pajor and Margaret Pajor, filed a seven count amended complaint against the defendant, the Town of Wallingford (Wallingford), alleging that Joseph Pajor sustained injuries when he slipped and fell on an icy sidewalk in front of the Town Hall in Wallingford. Count one of the amended complaint is brought in negligence against Wallingford. Count two is also a negligence claim against Wallingford, however, it mentions General Statutes § 13a-149
and General Statutes § 7-163a. Count three is a statutory claim brought pursuant to General Statutes § 13a-149. Count four is brought as an absolute nuisance claim against Wallingford, and mentions General Statutes § 19a-335. Counts five, six and seven are loss of consortium claims brought by Margaret Pajor and correspond to, and are derived from, counts CT Page 6148 one, two and four, respectively.
On February 3, 1995, Wallingford filed a motion to strike all seven counts of the plaintiffs' amended complaint. Wallingford argues that each of the counts of the amended complaint should be stricken on the following grounds: counts one, two and four should be stricken because General Statutes § 13a-149 is the sole remedy available to the Joseph Pajor against a municipality for injuries resulting from a defective road; count two should be stricken because Wallingford's duty under General Statutes §7-163a is the same as its duty under § 13a-149 and, as such, is not properly plead; count three should be stricken because it does not contain an allegation of due care as is required under General Statutes § 13a-149; count four should be stricken because General Statutes § 19a-335 does not create a private right of action against the municipality; and counts five, six and seven should be stricken because they are derivative of counts one, two and four, respectively.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980).
In the present case, Wallingford argues that counts one, two and four should be stricken because General Statutes § 13a-149 is the sole remedy available to Joseph Pajor for the alleged injuries he sustained as a result of a fall on an icy sidewalk. In response to this claim the plaintiffs argue that it is still undetermined whether the fall occurred on a public right of way and therefore they are allowed to plead the negligence and nuisance counts in the alternative. A review of the amended CT Page 6149 complaint reveals, however, that the plaintiffs allege that the fall occurred on the sidewalk in front of the town hall and that the sidewalk was under the possession and control of Wallingford.
General Statutes § 52-557n establishes the exclusivity of § 13a-149 as a remedy against municipalities for injuries resulting from a defective road or bridge and states, in pertinent part, that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." "[P]ursuant to the Tort Reform Act of 1986, an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Steele v. Stonington, 225 Conn. 217,220, 622 A.2d 551 (1993).
General Statutes § 13a-149 states in relevant part that "[a]ny party injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." This statute "includes injuries caused by defective public sidewalks over which a municipality has assumed control." Rodriguez v. New Haven, 183 Conn. 473, 475 n. 1,439 A.2d 421 (1981). The plaintiffs in the present case have alleged that the sidewalk where Joseph Pajor fell was under the possession and control of Wallingford.
In regard to whether the build up of snow and ice can be considered a defect for purposes of § 13a-149 courts "have held that a highway defect is any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.) Sanzone v.Board of Police Commissioners, 219 Conn. 179, 202, 592 A.2d 912
(1991). "Given this definition, it is difficult to understand how an accumulation of ice and snow on a sidewalk would not be a highway defect." Monteiro v. East Hartford, 1 Conn. Ops. 134 (February 6, 1995, Corradino, J.). Plaintiffs' claim falls within the provisions of § 13a-149 and is therefore the plaintiffs' sole remedy against Wallingford.
Plaintiffs' argument that they should be allowed to plead alternative theories of liability because there is a question as CT Page 6150 to whether the fall occurred in a public right of way is unpersuasive, and contrary to their amended complaint which states that the fall occurred on the sidewalk in front of the Wallingford Town Hall. A number of courts have rejected arguments that alternative theories of liability may be plead in conjunction with a § 13a-149 claim. See, Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 203; Porter v. City of NewLondon, Superior Court, Judicial District of New London at New London, Docket No. 528834 (January 6, 1994, Austin J.). "A plaintiff cannot escape such a review of the legal sufficiency of the pleadings in a case of this type by simply asserting alternative theories of recovery. A court must look to the facts alleged and determine if a highway defect is being alleged despite the labels the plaintiff has chosen to put on his or her counts." Monteiro v. East Hartford, supra.
Since counts one, two, and four of the amended complaint are stricken on the ground that § 13a-149 is the plaintiffs' exclusive remedy, the court need not address Wallingford's additional grounds for striking counts two and four. Additionally, counts five, six and seven of the amended complaint are stricken because they are loss of consortium claims derivative of counts one, two and four.
Count three, which is the statutory claim under § 13a-149, is the sole remaining count of the plaintiff's complaint at issue. In order for Wallingford to be liable under § 13a-149, the plaintiff has "the burden of proving 1) the existence of a defect which resulted from the failure of the defendants to use reasonable care to keep the highways within its control in a reasonably safe condition for public travel; 2) notice, either actual or constructive, to the defendant of the defect; and 3) the exercise by him of due care." Steele v. Stonington, supra225 Conn. 220-21.
Wallingford argues that count three should be stricken because the plaintiffs failed to allege that Joseph Pajor was exercising due care. "[T]he issue of the plaintiff's due care must be raised by the pleadings in order to sustain an action based on General Statutes § 13a-149." Garrity v. Town ofProspect, Judicial District of Waterbury, Docket No. 088290 (August 19, 1994, Sylvester, J.). Nevertheless, courts have allowed a party, under certain circumstances to plead either that the plaintiff was exercising due care or that the defendant was the `sole' proximate cause of the plaintiff's injuries. See id.; CT Page 6151O'Neil v. Burns, 2 CSCR 3, 4 (November 12, 1986, Reynolds. J.) Additionally, the court in Steele v. Stonington, supra, held that an allegation of contributory negligence raised by the defendant in a special defense was sufficient to raise the issue of the plaintiff's due care.
In the present case, however, the amended complaint contains neither an allegation that Joseph Pajor was exercising due care nor that Wallingford was the `sole' proximate cause of the plaintiffs' injuries. Furthermore, Wallingford has not filed an answer or any special defenses. Thus, the issue of Joseph Pajor's due care was not sufficiently plead and count three is struck.
Accordingly, the defendant's motion to strike is granted in entirety.
Robert A. Martin, Judge