[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a passenger in a vehicle on a public highway who was injured when a car operated by his mother drove through an intersection and collided with another car. His complaint alleges that a stop sign had been knocked down and white highway lines had not been properly painted.
The Town of Stratford moves for summary judgment on the basis that: (1) the highway statute is the exclusive remedy for a highway defect claim and (2) where a complaint does not properly allege its necessary elements summary judgment should be granted. If the movant would be entitled to a directed verdict on the facts, then summary judgment should be granted to the movant.Haesche v. Kissner, 229 Conn. 213, 217.
One essential element to a § 13a-149 claim which must be pled and proved is that the governmental entity must be the sole proximate cause of the plaintiff's injury and damages. Steele v.Stonington, 225 Conn. 217. The plaintiff has not pled this necessary factual averment and is not excused from doing because the defendant has not raised a contributory negligence defense. See: Garrity v. Town of Prospect, #088290 (August 19, 1994, Sylvester, J.).
Another essential element which must be pled and proved is that the plaintiff himself exercised due care. As a practical matter, it is not clear to the court what a child who is a passenger in a motor vehicle driven by another could have done to avoid an intersection collision. Nonetheless he has not pled due care either.
The clerk is ordered to enter Summary Judgment on September 22, 1995 in favor of the defendant town unless the plaintiff has prior to that date moved to amend his complaint to set forth these necessary averments.
So ordered. CT Page 9138
FLYNN, J.