[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This slip and fall case has been tried to the court. The evidence shows that on July 2, 1994, the plaintiff, Annie Sonia ("Sonia"), who was then 78 years old, fell and broke her left arm on a sidewalk on Grand Avenue in New Haven. She fell because she stepped in a trench approximately six inches wide located in the middle of the sidewalk. Photographs of the trench introduced into evidence show an erosion that makes it clear that the trench had been in existence for a considerable period of time prior to the fall. Sonia, however, had never been in the area before. The evidence makes it clear that she was exercising due care at the time of her fall. CT Page 4216
Sonia gave written notice of her injury and its attendant circumstances to the City Clerk of New Haven on August 15, 1994. The notice cites Conn. Gen. Stat. § 13a-149 and comports with the requirements of that section. Sonia commenced the action now before the court by service of process on June 6, 1996. Her compliant is in one count. The sole defendant is the City of New Haven. Although Sonia's compliant alleges negligence and (unlike the written notice given on August 15, 1994) fails to cite §13a-149, it clearly alleges that the sidewalk was defective and sets forth the elements of a statutory claim. After a careful review of the compliant, I conclude that its allegations are sufficient to state a cause of action under § 13a and that Sonia gave sufficient notice under that statute. See Steele v.Town of Stonington, 225 Conn. 217, 622 A.2d 551 (1993). The City asserts no special defenses. The case was tried to the court on March 31, 1998.
To recover under her compliant, the plaintiff has the burden of proving, by a fair preponderance of the evidence, (1) that the sidewalk was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of sidewalks in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect was the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. Lukas v. City of New Haven,184 Conn. 205, 207, 439 A.2d 949 (1981). Sonia has met this burden of proof. First, it is clear that the sidewalk was defective as claimed. The trench was an object that would necessarily obstruct or hinder a traveler in the use of the sidewalk. Hewison v. City of New Haven, 34 Conn. 136, 142 (1867). Second, the erosion of the trench indicates that it had been in existence long enough that the City, should have known of its existence. Third, by virtue of the age just mentioned, the City, having constructive knowledge of the defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so. Fourth, the defect was the sole proximate cause of the damages and injuries claimed. Sonia was free from contributory negligence.
The issue of damages must now be discussed. Sonia broke her left arm in three places. Her medical bills total $2,412.75. CT Page 4217 These bills were fair and reasonable for the injuries suffered. There is no other claim of economic damages. Turning to noneconomic damages, the evidence shows that Sonia — who, as mentioned, was 78 years old at the time of her fall — experienced considerable pain and discomfort as a result of the incident. She underwent approximately eight months of physical therapy. She presented no evidence of a diagnosis of a permanent partial disability. She credibly testified, however, that her arm still hurts her. She has a reasonable life expectancy of approximately six years. After a full consideration of all the evidence, I conclude that fair, just, and reasonable noneconomic damages in this case amount to $15,000. The total damages to be awarded are, consequently, $17,412.75.
For the reasons set forth above, judgment shall enter in favor of the plaintiff in the amount of $17,412.75.
Jon C. Blue Judge of the Superior Court