[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
This court must decide whether to strike the fourth count of the amended complaint, on the grounds that the plaintiffs William and Frances Lemoult have "failed to set forth allegations with sufficient particularity to sustain a CUTPA claim", and that "[a] simple breach of contract does not support a CUTPA claim."
The defendant Louis Benedetto has filed a motion to strike the plaintiffs' fourth count in their first amended complaint which asserts a CUTPA claim under General Statutes § 42-110b alleging deceptive or unfair acts or practices. The first three counts of the complaint allege breach of contract, violation of an express one-year guarantee on parts and labor, and violation of the express and implied warranties that exist under General Statutes §§ 47-117 and 47-118.
The plaintiffs have alleged the following in their complaint. The plaintiffs entered into a contract with the defendant on August 27, 1998 to construct the heating and air conditioning system (hereinafter "HVAC") for their new home. Ten months and twelve thousand dollars later, the defendant stopped work at their home leaving behind a system that was incompletely installed in an "unworkmanlike and negligent manner." The plaintiffs claim that parts of this HVAC system were installed in a manner that violated manufacturer instructions and § 118-1230 of the city of Norwalk zoning regulations. They also assert that although the contract specified a particular furnace and humidifier to be installed, the defendant installed a furnace and humidifier different than those specified by contract. In the case of the humidifier, the plaintiffs have claimed that it was of lesser value and quality than the part named in their contract.
The plaintiffs allege that the improperly constructed supply and return ducts in the HVAC system caused "mold to circulate in the house," and that to repair this, and other problems, they had to hire other contractors incurring additional costs and delaying the completion of CT Page 7021 their house.
To support their CUTPA claim, the plaintiffs allege that "On information and belief the Defendant holds himself out as a construction contractor specializing in `heating air conditioning' under the business name of LABCO Heating Air Conditioning, with offices at 18 Marshall Street, South Norwalk, Connecticut, 06854." The plaintiffs allege in the fourth count that the defendant "has failed to file a certificate of doing business under an assumed name with the Town of Norwalk, Connecticut"; and that the defendant's actions "constitute deceptive or unfair acts or practices of any trade or commerce as defined by Section 42-110b of the Connecticut General Statutes".
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted; citations omitted.) Peter-Michael, Inc v. Sea Shell Associates,244 Conn. 269, 270-271, 709 A.2d 558 (1998).
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether a practice violates CUTPA, Connecticut courts have responded by adopting "the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . [A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77
(1998). CT Page 7022
The defendant argues that the fourth count of the plaintiffs' complaint fails to expressly indicate how the defendant's conduct was immoral, unethical, oppressive, or unscrupulous, and that the defendant's failure to file a trade name certificate added nothing to the plaintiffs' CUTPA claim. The plaintiffs counter that their burden of alleging an unfair or deceptive trade practices is satisfied by their allegation that the defendant failed to file a certificate of doing business.
The defendant is correct that the plaintiffs have not pleaded any specific allegations that would establish the defendant's behavior was immoral, unethical, oppressive, or unscrupulous. They have at most alleged facts that would support a claim of intentional breach of contract. "A simple breach of contract even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act."Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991), rev'd on other grounds,31 Conn. App. 455, 626 A.2d 307 (1993); see also Phillips IndustrialService Corp v. Connecticut Light Power Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 409665 (March 22, 1999,Levin, J.).
"[A] misrepresentation can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act. . . ." (Citations omitted; internal quotation marks omitted.) Designs on Stone, Inc. v.Brennan Construction Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998, Corradino,J.) (21 Conn.L.Rptr. 659, 660). In this instance there is no allegation of potentially deceptive conduct by the defendant except his failure to file his trade name certificate. The plaintiffs therefore only have a CUTPA claim if they have properly pleaded a CUTPA violation based on General Statutes § 35-1.
General Statutes § 35-1 explicitly states, "Failure to comply with the provisions of this subsection shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b. "Even a per se showing of a deceptive practice does not, however, lead to automatic liability under this statute. In Abrahams v. Young Rubicam,Inc., 240 Conn. 300, 692 A.2d 709 (1997), the court wrote: "[I]n order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, `as a result' of this act, the plaintiff suffered an injury. The language `as a result' of requires a showing that the prohibited act was the proximate cause of a harm to the plaintiff." Id., 306. CT Page 7023
The Connecticut Supreme Court arrived at this interpretation by reading General Statutes § 42-110b (a) and § 42-110g (a) together.[1]
The deceptive practice of the defendant described in § 42-110b(a) requires a showing of proximate cause because the language in §42-110g(a) requires "[a]n actual cause that is a substantial factor in the resulting harm. . . ." Abrahams v. Young Rubicam, Inc., supra,240 Conn. 306.
It is true, however, that not every section of CUTPA requires such proximate cause for the establishment of liability. In State v. Cardwell,246 Conn. 721, 718 A.2d 954 (1998), the Connecticut Supreme Court upheld a trial court's discretionary imposition of a CUTPA penalty under General Statutes § 35-1, even though the Defendant argued that "no evidence was submitted to the trial court of any harm resulting to anyone on account of his failure to file the certificate; and . . . [he] did not knowingly fail to file the certificate but, instead, lacked any knowledge that he was required to do so." Id., 744-45.
The court held that the attorney general on behalf of the state was allowed to recover for each wilful violation of CUTPA under General Statutes § 42-110o and that "[n]owhere does this section require the court to consider, in determining whether to assess a penalty, whether . . . anyone was actually harmed by the unfair or deceptive trade practice. . . . [T]he section does not require that the defendant have had actual knowledge that the practice was unfair or deceptive." Id. 745. The attorney general, however, is able to petition the court for civil penalties based on wilful violations of General Statutes § 42-110m. See General Statutes § 42-110o (b) ("[A] wilful violation occurs when the party committing the violation knew or should have known that his conduct was a violation of section 42-110b."). Because it does not require causation, General Statutes § 42-110o(b) is fundamentally different from General Statutes § 42-110g(a), which allows suit for damages arising "as a result of" an unfair trade practice.
There is a split of authority within the Superior Court on the issue of whether it is necessary to allege causation to establish a CUTPA violation on the basis of General Statutes § 35-1. Some have agreed that proximate cause is required to find CUTPA liability based on General Statutes § 35-1. See Heath v. Micropatent, Superior Court, judicial district of New Haven at New Haven, Docket No. 401481 (June 4, 1999,Silbert, J.); Phelps v. Friedman, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 558154 (February 5, 1997,Sullivan, J.); Perez v. Ellis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552958 (April 16, 1996,Spada, J.) (16 Conn.L.Rptr. 466). Other trial courts have not required proximate cause to establish a CUTPA violation based on General Statutes CT Page 7024 § 35-1. See Layne v. Benbow-Robinson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341006 (January 29, 1998,Maiocco, J.); Pape v. Ambrecht, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153228 (November 8, 1996, Mintz,J.); Wilton YMCA, Inc. v. DeAngelis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312497 (May 24, 1995, Freedman, J.).
The latter two cases both predate the decision in Abrahams v. Young Rubicam, Inc., (1997). Neither court addressed the limiting language of § 42-110g (a). This Court therefore follows reasoning of such cases as Heath v. Micropatent, Superior Court, judicial district of New Haven at New Haven, Docket No. 552958 (June 4, 1999, Silbert, J.), which have held that proximate cause is needed in order to establish CUTPA liability using General Statutes § 35-1.
A violation of General Statutes § 35-1, however, does have the effect of establishing that there was an unfair or deceptive trade practice, so a violation of this law satisfies the "cigarette rule' because it "offends public policy as it has been established by statutes."Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp., supra, 245 Conn. 43. The plaintiff's complaint fails, however, to plead that there was a proximate connection between the defendant's failure to register his business' assumed name and the plaintiffs' apparent losses. Without such a connection, there is no CUTPA liability under General Statutes § 35-1. See Abrahams v. Young Rubicam, Inc., supra,240 Conn. 300; Heath v. Micropatent, supra, Superior Court, Docket No. 552958; Perez v. Ellis, supra, 16 Conn.L.Rptr. 466; 1800 Investors v.Fairfield Lumber, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 113507 (July 30, 1991, Ryan, J.) (6 C.S.C.R. 769).
The plaintiffs also have a serious technical problem in their amended complaint because they did not specifically identify General Statutes § 35-1 by number. Practice Book § 10-3(a) states: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." The question is whether this Practice Book rule would have prevented the plaintiffs from preserving their CUTPA claim had they properly pleaded proximate cause.
Our Supreme Court has repeatedly stated that § 10-3 (a) is merely directory and not mandatory. See Steele v. Stonington, 225 Conn. 217, 221
n. 7, 622 A.2d 551 (1993); Hanover Ins. Co. v. Fireman's Fund Ins. Co.,217 Conn. 340, 345, 586 A.2d 567 (1991). Courts have excused noncompliance with § 10-3 (a) where the record discloses that neither the opposing party nor the trial court were confused or misled as to the CT Page 7025 statutory basis of the party's claim. See er Ins. Co. v. Fireman's FundIns. Co. Supra, 217 Conn. 345.
The plaintiffs clearly pleaded CUTPA and their factual basis for invoking General Statutes § 35-1. What they did not plead was General Statutes § 35-1 itself. While there "is no Practice Book requirement that a party plead a specific subsection of a statute"; Nuzzo v.Nationwide Mutual Ins. Co., Superior Court, judicial District of New Haven at New Haven, Docket No. 394015 (July 1, 1998, Silbert, J.); the plaintiffs failed to plead § 35-1 at all.
Several trial court decisions have held that a CUTPA claim is inadequate where the plaintiff failed to specifically plead the statute violated. These include Mungham v. Prudential Home Mortgage Co., Inc., Superior Court, judicial district of Fairfield, Housing Session at Bridgeport, Docket No. 303056 (July 3, 1996, Tierney, J.); Bouchard v.Raveis, Superior Court, judicial district of Danbury, Docket No. 320898, (November 27, 1995, Moraghan, J.); Pollio v. Santillo, Superior Court, judicial district of New Haven at New Haven, Docket No. 359030 (April 10, 1995, Hodgson, J.). Both of the 1995 Superior Court decisions rely in part on S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993), which stated: "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Internal quotation marks omitted.) Id., 797.
While the court has the discretion to disregard this oversight; seeBurton v. Dimyan, Superior Court, judicial district of Danbury, Docket No. 318006, (July 10, 1995, Stodolink, J.) (14 Conn.L.Rptr 580, 581 n. 2); this court follows the other Superior Court decisions that require plaintiffs to plead General Statutes § 35-1.
Because the plaintiffs have failed to allege a causal link between the defendant's failure to file a certificate of doing business and the plaintiffs' injuries, and because the plaintiffs have failed to allege violation of General Statutes § 35-1, the plaintiffs' CUTPA claim fails to allege anything more than a simple breach of contract, and therefore the defendant's motion to strike is granted.
D'ANDREA, J.