[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 28, 2000, the plaintiff; Kevin Barlow, filed this negligence action in Putnam Superior Court against the defendant, the town of Eastford, seeking relief for damages and injuries he sustained, when he allegedly lost control of his vehicle due to a buildup of ice on the roadway. Specifically, the complaint alleges that at approximately 1:48 a.m., on January 19, 1999, the town received notice that there was an ice buildup on Westford Road but failed to remedy or treat the area. At approximately 6:00 a.m. that same morning, Barlow, while driving his 1984 Chevrolet Blazer on Westford Road, lost control of his vehicle, causing it to spin and roll into a ditch. The complaint further alleges that Barlow sustained damages and personal injuries as a result thereof. Barlow notified the town of these alleged facts in a March 2, 1999 letter.
On October 10, 2000, pursuant to Practice Book § 10-35 et seq., the town filed a request that Barlow revise his complaint.[1]
Specifically, the town requests that Barlow set forth the factual basis of the alleged notice that the town received concerning the ice buildup on Westford Road. In addition, the town requests that Barlow amend ¶¶ 5-10 of his complaint, deleting the allegations of negligence and specifying that this cause of action arises solely pursuant to General Statutes § 13a-149, the defective highway statute. Finally, the town also requests that Barlow amend his complaint to allege sole proximate cause, a necessary element of General Statutes § 13a-149.[2]
CT Page 14460
On October 25, 2000, Barlow filed an objection to the request to revise[3] claiming that the town is improperly seeking to know his proof as it relates to the factual basis of the town's notice of an ice buildup stating that this information can be obtained via discovery. Barlow also objects to the town's request that he specify that this action is brought pursuant to General Statutes § 13a-149 on the ground that "[s]imilarities between elements of [a] negligence action and [an] action predicated on [the] municipal highway defect statute are so strong that it is not inappropriate for [the] plaintiff to allege negligence in stating [a] claim under [the] highway defect statute. Steele v. Town of Stonington, [225 Conn. 217, 622 A.2d 551 (1993)]." (Barlow's Opposition, pp. 3-7.)
Initially, it is noted that a party has the right to plead its case as it sees fit, and the court should not disturb a pleading unless it is in nonconformity with the rules of pleading. See Freeman's Appeal,71 Conn. 708, 714, 43 A. 185 (1899); see also Foster v. YankelovichPartners, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 151716 (December 5, 1996, Ryan, J.). Practice Book § 10-1 provides, in relevant part, that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . . If any such pleading does not fully disclose the ground of claim or defense, the judicial authority may order a fuller and more particular statement. . . ." (Emphasis added.) Specifically, in respect to the pleading requirements of a plaintiff's complaint, Practice Book §10-20 provides, in relevant part: "[The complaint] shall contain a concise statement of the facts constituting the cause of action. . . ."
In the present case, Barlow alleges that, at approximately 1:48 a.m., the town was notified, through its officers, agents, servants and/or employees, of an ice buildup on Westford Road. The town, through its request to revise, seeks to obtain the name of the person from whom this notice was acquired or, at the very least, more details concerning this alleged notice. This information, however, is better obtained through discovery and is not necessary, as a matter of pleading, to reasonably appraise the town of the nature of Barlow's claim. See Kileen v. GeneralMotors Corp., 36 Conn. Sup. 347, 349, 421 A.2d 874 (1980) ("a request to revise is permissible to obtain information so that a [party] may intelligently plead and prepare his case for trial but it is never appropriate where the information sought is merely evidential"); see alsoD'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 220, 520 A.2d 217 (1987). To the extent that the town may require additional information to adequately respond to this allegation, such information is better obtained through the discovery process. See id. Accordingly, the objection to the request to revise ¶ 4 of the CT Page 14461 amended complaint is sustained.
In relation to the town's request that Barlow revise ¶¶ 5-10 [now ¶¶ 6-12 of the amended complaint], to delete the allegations of negligence and specify that this action is brought pursuant to General Statutes § 13a-149, Barlow deleted all allegations of negligence in his amended complaint,[4] but he argues that he need not specify his cause of action any further. The court does not agree.
Although, in this state, it is clear that our general practice is to require fact pleading only; see Practice Book § 10-1; "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Practice Book §10-3; see also Steele v. Stonington, 225 Conn. 217, 221 n. 7, 622 A.2d 551
(1993). "Although [our Supreme Court] ha[s] held that Practice Book § [10-3(a)] is directory rather than mandatory; Rowe v. Godou,209 Conn. 273, 550 A.2d 1073 (1988); the purpose underlying the requirements of Practice Book § [10-3(a)] is instructive. The purpose of this rule, adopted in 1979, is self-evident. No such procedural rule existed prior to that time. It was clearly designed to make future pleadings more specific, detailed and particularly informative by pinpointing statutory authority. Such a rule promotes the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court." (Emphasis in original; internal quotation marks omitted.) Heyman Associates No. 1 v. Ins. Co. ofPennsylvania, 231 Conn. 756, 796-97, 653 A.2d 122 (1995).
Here, Barlow provides the court with no reason for objecting to the town's request that he state the provision of the General Statutes under which his claim is brought. He does not argue that this action is brought pursuant to some common law provision or that specifying his legal claim would cause him some form of prejudice. He simply argues that negligence may be alleged "in stating a claim under [the] highway defect statute."
"[Where] the defendant in preparing for trial ha[s] any question about whether the plaintiff [is seeking] to plead a cause of action on the basis of a statute, it ha[s], among other options, the right to file a request to revise to elicit that information. See Practice Book §10-35; Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988)."Criscuolo v. Mauro Motors, Inc., 58 Conn. App. 537, 547, 754 A.2d 810
(2000). The town has made just such a request in the present case. Accordingly, the court overrules Barlow's objection to the town's request that he revise his complaint to specify his cause of action.
In conclusion, Barlow's objection to the town's request to revise is CT Page 14462 sustained in part and overruled in part. The objection is sustained as it relates to ¶ 4 of the revised complaint. Barlow need not reveal, in his pleading, more information concerning the notice supplied to the town. The objection is overruled as it relates to the complaint overall. Barlow is ordered to specify his legal claims and the statutory provisions, if any, under which they are brought.
Foley, J.