[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 198)
BACKGROUND
The defendant, Junior Achievement of Western Connecticut, Inc., ("JA-Western") has moved for summary judgment on counts one and two. JA-Western is the greater Bridgeport area franchise of the national Junior Achievement organization, which is operated by the co-defendant Junior Achievement, Inc., headquartered in Colorado Springs, Colorado.
The plaintiff, John Duncan, was hired by JA-Western as its executive director on December 2, 1991, when he was almost 60 years of age. He was terminated from that position on January 17, 1995, when he was 62 years of age. CT Page 5650
The complaint in this action has undergone a number of revisions. The latest version, the amended complaint dated November 30, 2000, alleges in count one that the plaintiff's termination violated the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Count two alleges the plaintiff's termination also violated the counterpart Connecticut statute prohibiting discrimination in employment because of age, Conn. Gen. Stat. § 46a-60.
Connecticut courts exercise concurrent jurisdiction over claims arising under federal civil rights statutes. Vason v. Carrano, 31 Conn. Sup. 7
(1974). Therefore, this court has jurisdiction over both the federal and state causes of action.
Although the remedies under the federal and state statutes are somewhat different, compare 29 U.S.C. § 626 with Conn. Gen. Stat. § 46a-104, the analytical model for proof of discrimination is the same for both statutes, and indeed federal precedent provides guidance for the application of state laws concerning employment discrimination. Levy v.Commission on Human Rights and Opportunities, 236 Conn. 96, 103 (1996);Miko v. Commission on Human Rights and Opportunities, 220 Conn. 192,202-203 (1991).
The State of Connecticut has adopted an administrative prerequisite for employment discrimination claims similar to the federal structure. A person claiming to be aggrieved by an alleged discriminatory practice must file a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Conn. Gen. Stat. § 46a-82. A person who first files a complaint with the CHRO may then obtain a release of jurisdiction from the CHRO to pursue an action in superior court. Conn. Gen. Stat. § 46a-100. As with the federal law, a civil action must be brought within 90 days of receipt of the CHRO release. Conn. Gen. Stat. §46a-101 (a). Conn. Gen. Stat. § 46a-102 provides a further limitation on civil actions of two years from the date of the filing of a complaint with the CHRO, which for the plaintiff was July 7, 1995.
The plaintiff followed these administrative prerequisites. He filed his complaint with the CHRO on July 7, 1995, which also acted as a filing with the federal EEOC. He received his notice from the CHRO of release of jurisdiction on June 13, 1996.[1]
JA-Western is a Connecticut nonstock corporation. Mr. Duncan was hired by JA-Western, acting through its board of directors. His complaint to the CHRO named JA-Western as his employer. The release-of-jurisdiction letter issued by the CHRO identified JA-Western as the respondent/employer. CT Page 5651
The CHRO release-of-jurisdiction letter was dated June 13, 1996. Under the 90 day statute of limitations of both the state and federal laws, the plaintiff had until, on or about, September 13, 1996, to commence suit against JA-Western. Since his initial filing with the CHRO was dated July 7, 1995, under the additional statute of limitations in Conn. Gen. Stat. § 46a-102, the plaintiff had until, on or about, July 7, 1997, to commence his law suit against JA-Western under the state cause of action.
Instead, the plaintiff did not commence his suit against JA-Western until December, 1998, when his motion to cite JA-Western as a defendant was granted, and he served process on the agent for service of JA-Western. This was well beyond the limits of all statutes of limitations periods.
SUMMARY JUDGMENT STANDARD
The key to summary judgment is that there be no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402 (1987). The nonmovant can avoid summary judgment only by showing that a genuine issue of material fact exists. Connell v. Colwell, 214 Conn. 242,246 (1990). Plaintiff's belated attempt to sue JA-Western for age discrimination is barred by the statutes of limitation and should be disposed of by a judgment for JA-Western as to counts one and two.
FORM ISSUE
Though not addressed in his brief, the plaintiff asserted during oral argument that defendant's Motion for Summary Judgment had to be denied because the defendant failed to cite to the specific statute numbers in filing its Special Defense to Counts One and Two. Plaintiff asserted his position claiming reliance on Practice Book § 10-3. The Connecticut Supreme Court has ruled that § 109a of the old Practice Book, which is the predecessor of § 10-3, is "merely directory and not mandatory." Steele v. Town of Stonington, 225 Conn. 217, 221 fn. 7 (1993); Rowe v. Godou, 209 Conn. 273, 275 (1988). The purpose of Practice Book § 10-3 is to identify issues and prevent surprise.
The defendant's answer and special defenses were filed January 4, 2001. On February 9, 2001, the defendant filed its Motion for Summary Judgment. The motion papers not only identified the specific statute of limitations but presented supporting case law and argument. The summary judgment motion was not presented to the court until nearly two months later. The plaintiff was, therefore, fully apprised of the nature of the CT Page 5652 claim, and indeed at oral argument the plaintiff did not claim surprise but rather relied upon a form over substance claim.
CORPORATE STATUS ISSUE
The plaintiff has asserted that the fact that JA-Western had been in a period of registration lapse as a corporation, combined with the fact that he had previously attempted to sue some of the individual directors, created some "revert back" claim. This is asserted by plaintiff in an attempt to seek relief from his obligation to comply with the statutes of limitations. Plaintiff's position has no basis in law or fact.
CONCLUSION
Defendant's, JA-Western, Motion for Summary Judgment (docket entry no. 198) is granted.
DANIEL E. BRENNAN, JR., JUDGE