[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 11, 1996
On May 19, 1995, the plaintiff, ALI, Inc., filed a four count complaint against the defendants, Charles R. Veronneau; Roland R. Veronneau; Nova Engineering; VEECO, Inc.; William Price; and Superior Tool Die, Inc.
In count one, the plaintiff alleges that on or about December 30, 1988, Roland R. Veronneau and Charles R. Veronneau, became indebted to the plaintiff's predecessor in interest (Connecticut National Bank). This debt is evidenced by a Mortgage Note (Note I) entered into on the same date, in the original principal sum of $400,000.00. Note I is secured by an Open-End Mortgage Deed and Security Agreement on property known as Parcel 7, Reidville Industrial Park aka 217 Interstate Road, Waterbury, Connecticut (Mortgage I). The plaintiff further alleges that Roland R. Veronneau and Charles R. Veronneau are in default on Note I, and the plaintiff is the current holder of Note I and Mortgage I.
In count two, the plaintiff alleges that VEECO, Inc. has unconditionally guaranteed payment of all sums due under Note I, and that VEECO, Inc. is in default.
In count three the plaintiff alleges that on or about August 13, 1987, Roland R. Veronneau and Charles R. Veronneau became indebted to the plaintiff's predecessor in interest (Connecticut National Bank). This debt is evidenced by a Mortgage Note (Note II) entered into on the same date, in the original principal sum of $470,000.00. Note II is secured by an Open-End Mortgage Deed and Security Agreement on property known as Parcel 8, Reidville Industrial Park a/k/a 205 Interstate Road, Waterbury, Connecticut (Mortgage II). The plaintiff further alleges that Roland R. Veronneau and Charles R. Veronneau are in default on Note II, and the plaintiff is the current holder and owner of Note II and Mortgage II.
In count four, the plaintiff alleges that VEECO, Inc. has unconditionally guaranteed payment of all sums due under Note II, and that VEECO, Inc. is in default.
In the ad damnum clause, the plaintiff seeks foreclosure of the mortgaged property; immediate possession of the mortgaged CT Page 6257 property; a deficiency judgment against Charles R. Veronneau, Roland R. Veronneau, and VEECO, Inc.; the appointment of a receiver; any and all monies in the possession of any receiver; attorneys fees; damages; costs; and such further relief as equity requires.
On October 11, 1995, the defendants, Charles R. Veronneau, Roland R. Veronneau, and VEECO, Inc., filed an answer and three special defenses.
On March 20, 1996, the plaintiff filed a motion to strike the defendants' first, second, and third special defenses, along with a supporting memorandum of law.[1] On May 9, 1996, the defendants filed an objection to the plaintiff's motion to strike, along with a supporting memorandum of law.
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994); Practice Book § 152. "[A] plaintiff can [move to strike] a special defense. . ." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); Practice Book § 152(2).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "This includes the facts necessarily implied and fairly provable under the allegations. . ." (Internal quotation marks omitted.) S.M.S.Textile Mills v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "[I]f facts provable under the allegations would support a defense or cause of action, the . . . [motion to strike] must fail." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or defense." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585,491 A.2d 401 (1985).
"The purpose of a special defense is to plead facts that are CT Page 6258 consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). Practice Book § 164 defines the parameters of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially pleaded. . ."
The plaintiff moves to strike the special defenses on the ground that "[a]s the special defenses raised by the [d]efendants are not recognized by the courts as valid defenses in a foreclosure action, these defenses should be stricken." In its supporting memorandum, the plaintiff argues that the defendants' special defenses are invalid special defenses to a foreclosure action, and that: the statute of frauds bars the first and second special defenses.
The defendants claim that the special defenses alleged in the present case are valid in a foreclosure action, and that the statute of frauds is not a bar to their first or second special defenses.
 A. DEFENDANTS' FIRST AND SECOND SPECIAL DEFENSES
1. The Validity of Modification as a Defense to Foreclosure
When construed in the manner most favorable to the defendants, the first special defense may be read as alleging a modification of the terms of Note I. The plaintiff's first argument for striking the defendants' first special defense is that modification is not a valid special defense in foreclosure actions. The defendants respond that modification is a valid foreclosure defense.
"At common law, the only defenses to an action of [foreclosure] . . . would have been payment, discharge, release or satisfaction; . . . or, if there had never been a valid lien." (Internal citation omitted.) Petterson v. Weinstock, 106 Conn. 436,441, 138 A. 433 (1927). In Petterson v. Weinstock, the Supreme Court recognized accident, mistake, and fraud as additional defenses available in a foreclosure action and noted that the recognition of these additional defenses to foreclosure CT Page 6259 represented "a fine example of the triumph of equitable principles over the arbitrary and unjust dogmas of the common law." Petterson v. Weinstock, supra, 106 Conn. 442. "Because a mortgage foreclosure action is all equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynolds v. Ramos, 188 Conn. 316,320. 449 A.2d 182 (1982). "[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor, 180 Conn. 491, 497,429 A.2d 946 (1980).
Thus, the trial courts have permitted several additional equitable defenses to be raised in foreclosure actions, including"equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration."Teachers Insurance v. Broad and Hanrahan, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132304 (June 28, 1995) (Hickey, J.); Berkeley Federal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996) (West, J.).
Nonetheless, there are limitations as to which equitable defenses may be raised in a foreclosure action. Generally, only those defenses that "attack the making, enforcement or validity of a note or mortgage[,]" can be raised in a foreclosure action.Dime Savings Bank v. Bonaventura, Superior Court, judicial district of Waterbury, Docket No. 123908 (April 26, 1996) (Kulawiz, J.); Berkeley Federal Bank Trust v. Phillips, supra.
"The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Dime SavingsBank v. Albir, Superior Court, judicial district of Stamford-Norwalk, Docket No. 132582 (February 7, 1995) (D'Andrea, J.).
"[A]llegations of modification directly attack the validity or enforcement of the original note or mortgage[,]" thus, a special defense alleging modification is properly raised in a foreclosure proceeding. Home Savings Bank of America v. Santilli,
Superior Court, judicial district of Stamford-Norwalk at CT Page 6260 Stamford, Docket No. 130634 (March 2, 1995) (D'Andrea, J.). InShawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130109 (January 24, 1994) (Dean, J., 9 CSCR 216), the court refused to strike a foreclosure defendant's counterclaim alleging modification because the alleged modification necessarily involves the making, validity and enforcement of the original note and mortgage.
The motion to strike is denied as to the first special defense on this ground because modification is a valid special defense in a foreclosure action.
2. The Statute of Frauds
The plaintiff further argues that the statute of frauds bars the first special defense because the defendants "have not produced any evidence of a writing memorializing their alleged agreement with the plaintiff's predecessor in interest."[2] The defendants respond that the statute of frauds does not bar a modification special defense because the defendants have rendered partial or full performance which satisfies the statute of frauds. Although there is conflicting superior court case law on the issue of whether a modification special defense in a foreclosure action can withstand a motion to strike based on the statute of frauds, the more persuasive cases hold that a modification special defense to a foreclosure action can withstand a motion to strike based on the statute of frauds.
"In passing on a motion to strike, it is not proper for the court to consider whether the challenged allegations would withstand a defense such as failure to comply with the requirements of the Statute of Frauds. The defendants are not required to plead evidence. Perhaps they will produce a writing confirming the alleged agreement. Perhaps the evidence will show that the terms of the agreement did not affect an interest in land. Without hearing the evidence, which is not the court's function on a motion to strike, the court cannot decide whether the alleged agreement is violative of the Statute of Frauds."Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517808, 11 CONN. L. RPTR. 10 (January 26, 1994) (Aurigemma, J.); YachtCenters LLC v. Harbor Plaza Assoc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143912 (March 28, 1996) (Ryan, J.); Home Savings of America v. Santillisupra. "[T]he characterization of [a] contract as either within CT Page 6261 or outside the statute of frauds must await the evidence which may be adduced at trial." Carter v. Elm Sheet Metal HeatingCo., Superior Court, judicial district of Litchfield, Docket No. 061710 (February 14, 1994) (Dranginis, J.). Additionally, the defendants in the present case have alleged that their partial and/or lull performance have satisfied the statute of frauds. Resolution of this issue requires evidence beyond the pleadings, however, no evidence is received by the court when passing on a motion to strike. William Beazley Co. v. Business Park Associates,Inc., 34 Conn. App. 801, 805, 643 A.2d 1298 (1994). "Where the legal grounds for [a motion to strike] are dependent upon underlying facts not alleged in the [nonmoving party's] pleadings, [the moving party] must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBrothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
B. DEFENDANTS' THIRD SPECIAL DEFENSE
The third special defense alleges that the plaintiff has miscalculated the amount of interest and other charges for which the defendants are allegedly liable. This does not amount to an equitable defense which may be raised in a foreclosure action. Therefore, plaintiff's motion to strike is granted as to defendants' third special defense.
CONCLUSION
The plaintiff's motion to strike the defendants' first and second special defenses is denied because modification is a valid defense to a foreclosure action, and the determination of whether the statute of frauds bars a modification defense requires the taking and evaluation of evidence, which is beyond the scope of the court's present inquiry.
The plaintiff's motion to strike the defendants' third special defense is granted.
KULAWIZ, J.