[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this foreclosure action, the plaintiff filed a complaint on February 28, 1997 seeking the foreclosure of a mortgage, possession of the property, attorney's fees, costs and a deficiency judgment against the defendants Peter and Bethann Edwards. On May 19, 1997, in response to the plaintiff's demand for disclosure of defense, the defendants filed a disclosure of defense indicating that their defense to the foreclosure action is that the plaintiff overcharged the defendants for interest, which was incorrectly calculated at the inception of the mortgage. The disclosure of defense alleged that, as indicated in a rate change notice sent to the defendants, at the time of closing the "index rate" of interest was 5.41%, and according to the mortgage note, the effective interest rate should have been 7.375%; however, the defendants were charged 7.50%. CT Page 5638
On June 6, 1997, the defendants filed their answer, including two special defenses and a two-count counterclaim. The first special defense asserts that: "The plaintiff breached its obligation to the defendants in that they used the wrong interest rate in calculating the amount due and have violated their own rules and regulations." The second special defense alleges that: "The defendants tendered four monthly mortgage payments to the plaintiff after August 1, 1996 in an attempt to reduce the arrearage. The plaintiff returned the payments."
Count one of the counterclaim alleges a violation of "12 C.F.R. § 26"[1] and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110b(a). In support of these claims the defendants allege that their adjustable rate mortgage provided for adjustment of the interest rate based on the average yield on United States Treasury Securities and that the interest rate on the note should have been the "current index" at the commencement of the loan plus two points rounded to the nearest one-eighth point. The defendants allege that the "current index" at the commencement of the loan was 5.41%, and that adding two points and rounding to the nearest one-eighth point should have yielded an interest rate of 7.375%, not 7.50%. The second count of the counterclaim alleges that the plaintiff's conduct with regard to the miscalculation of interest "constituted an intentional and wanton violation of the cross-plaintiff's rights or was done with a reckless indifference to those rights in that the cross-defendant knew that its calculations were false or misleading or was recklessly indifferent to their truth or completeness."
On January 20, 1998, the plaintiff filed a motion to strike the defendants' special defenses and counterclaim. On February 9, 1998, the defendants filed a memorandum in opposition to the plaintiff's motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). In addition, "[t]he legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." Board of Education v. DowChemical Co., 40 Conn. Sup. 141, 142, 482 A.2d 1226 (1984); see Practice Book § 152(5); Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker,
CT Page 563939 Conn. Sup. 20, 21, 269 A.2d 83 (1983).
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). However, the court must construe the special defense or counterclaim "in a manner most favorable to sustaining its legal sufficiency."Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988). Where the facts provable under the allegations would not support a special defense or counterclaim, then the motion to strike must be granted. Alarm Applications Co.v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
As grounds for its motion to strike the plaintiff asserts that the special defenses fail to allege facts sufficient to support special defenses to a foreclosure action and fail to state valid defenses because they do not attack the making, validity or enforcement of the note or mortgage.
Practice Book § 164 provides, in pertinent part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. . . ." Practice Book § 164; see Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); Bank of NewHaven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." State Street Mortgage Co. v. Silano, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052499 (February 6, 1997, Curran, J.). "In recognition that a CT Page 5640 foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Mundaca InvestmentCorp. v. Atwood, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319174 (February 21, 1996, Moran, J.); see also GMAC Mortgage Corp. v. Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); State Street Mortgage Co. v. Silano,
supra, Superior Court, Docket No. 052499. "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses and counterclaims cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Rinere v. M. Kalfus Building Design Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.); see Dime Savings Bank of New York v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
The plaintiff asserts in its motion to strike that the factual allegations of the first special defense fail to sufficiently attack the making, validity or enforcement of the note. There is a split of authority in the Superior Courts on the issue of whether a special defense alleging the use of "the wrong interest rate in calculating the amount due" on a mortgage loan amounts to a valid special defense.
On the one hand, "a trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the statedindebtedness." (Emphasis added.) Hamm v. Taylor, 180 Conn. 491,497, 429 A.2d 946 (1980). Pursuant to this principle, courts have held that improper calculation of interest is a valid special CT Page 5641 defense in a foreclosure action. See People's Bank v. Perkins,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994, Ballen, J.) (special defenses challenging calculation of interest "are valid special defenses in light of the court's discretion to reduce an allegedly unconscionable rate of interest and the amount of the stated indebtedness based on equitable considerations and principles'"); Dime Savings Bank v. Wu, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 107621 (November 25, 1991, Rush, J.) (7 C.S.C.R. 93) (allegations in special defense "that plaintiff improperly, negligently and erroneously calculated the payments due under the mortgage" would permit introduction of evidence justifying withholding of mortgage or reduction of stated indebtedness; therefore, denying motion to strike); see also Bank of New Haven v. Liner, supra, Superior Court, Docket No. 034516 (allegations that bank "intentionally overcharged and gouged with regard to interest when defendants had no . . . bargaining power, and failed to lower the interest rate" is essentially the same as alleging unconscionable rate of interest, which is valid special defense).
On the other hand, courts have held that special defenses merely alleging errors in calculation of interest do not properly attack the making, validity or enforcement of the note and are therefore invalid. See GMAC Mortgage Corp. v. Ferrante, supra, Superior Court, Docket No. 343559 (granting plaintiff's motion to strike special defenses alleging willful overcharging and inaccuracy in computation of sums, "which is the same as alleging that a usurious rate [of interest] was charged," because the allegations merely demonstrate error in calculation, not usurious rate); ALI, Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996, Kulawiz, J.) (17 Conn. L. Rptr. 677) (holding that special defense alleging miscalculation of interest and other charges "does not amount to an equitable defense which may be raised in a foreclosure action"); F.D.I.C. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.) (holding that special defense alleging that "the plaintiff charged and collected interest in excess of that allowed by the note" constitutes "no more than a claim of periodic error in calculating the interest on the note, which may [affect] the amount of the debt, but it does not allege facts sufficient to prevent foreclosure of the mortgage under recognized defenses"; "[p]roper calculation of the mortgage debt must occur in any case, and does not require a special defense"). CT Page 5642
The allegations of the first special defense are similar to a special defense based on unconscionability of interest rate, which has been held to constitute a valid special defense challenging the making, validity or enforcement of the note. See, e.g., Hamm v. Taylor, supra, 180 Conn. 497; Mundaca InvestmentCorp. v. Atwood, supra, Superior Court, Docket No. 319174; GMACMortgage Corp. v. Ferrante, supra, Superior Court, Docket No. 343559; State Street Mortgage Co. v. Silano, supra, Superior Court, Docket No. 052499; Bank of New Haven v. Liner, supra, Superior Court, Docket No. 034516. However, the special defense does not specifically allege that the interest rate was usurious or that the plaintiff "gouged" the defendant. The court is of the opinion that the first special defense fails to properly attack the making, validity or enforcement of the note.
The plaintiff argues in its brief that the defendants have failed to indicate in the first special defense which "rules and regulations" the plaintiff violated in miscalculating the interest rate.[2] "Connecticut Practice Book § 109A requires that in all claims grounded upon a statute, the statute shall be specifically identified by its number." Talman HomeFederal Savings Loan Assoc. v. Abate, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513161 (September 8, 1994, Aurigemma, J.). Nevertheless, "the plaintiff has not requested a revision of the first special defense and has not based its motion to strike on the failure to comply with § 109A." Id.
Indeed, "Practice Book § 109A is directory rather than mandatory." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995); see alsoSteele v. Stonington, 225 Conn. 217, 221 n. 7, 622 A.2d 551
(1993). Moreover, "a motion to strike is not the proper vehicle for elimination of irrelevant, immaterial or otherwise improper allegations. . . . [T]he proper vehicle [is] a request to revise. . . . Practice Book Section 147(2)." (Citation omitted.)Nieves v. Lane, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28280 (January 7, 1993, Leheny, J.) (8 Conn. L. Rptr. 178, 179). The plaintiff's motion to strike on this basis is denied.
In summary, the defendants' first special defense fails to state a claim upon which relief may be granted because it fails to attack the making, validity or enforcement of the note. CT Page 5643
The plaintiff attacks the second special defense on the grounds that it fails to allege facts sufficient to support a special defense and fails to sufficiently attack the making, validity or enforcement of the note or mortgage. The plaintiff is correct in that the special defense fails to attack the making, validity or enforcement of the note or mortgage. The special defense alleges that the defendants made payments on the loan "in an attempt to reduce the arrearage," and that the plaintiffs refused to accept the payments. These allegations in no way address the making, validity or enforcement of the note or mortgage, and do not alter the plaintiff's right to foreclose. The plaintiff's motion to strike the special defenses is hereby granted.
The plaintiff also challenges the defendants' counterclaims, arguing that they are insufficient because they do not arise out of the same transaction which is the subject of the complaint. In addition, the plaintiff separately challenges the first count of the counterclaim because it fails to state a cause of action under CUTPA or under "12 C.F.R. § 26."
Practice Book § 116 provides, in pertinent part: "[A]ny defendant may file counterclaims against any plaintiff provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book § 116. The test is whether "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter]claim." (Internal quotation marks omitted.)Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983).
"Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have its limitation. An analysis of those cases recognizing counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citations omitted internal quotation marks omitted.) Source One v. Dziurzynski,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29). "Courts have not been receptive to foreclosure CT Page 5644 defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage." Rinere v. M. Kalfus Building Design Corp., supra, Superior Court, Docket No. 388220. "The making of the note and the . . . subsequent default is the `transaction' at issue." Bank of New Haven v. Liner, supra, Superior Court, Docket No. 034516.
Because the counterclaims do not arise out of the same transaction as the complaint, the motion to strike the counterclaims is granted. The counterclaims do not arise out of the same transaction as the plaintiff's complaint because, like the special defense challenging the calculation of the interest rate, they do not properly attack the making, validity or enforcement of the note. Count one alleges the violation of "12 C.F.R. § 26" and CUTPA based on the erroneous calculation of the interest rate on the loan, and count two alleges "intentional and wanton violation of the cross-plaintiff's rights . . . or reckless indifference to those rights" based on the miscalculation of the interest rate.
In addition, the plaintiff moves to strike the first count on the basis that it fails to state a cause of action under CUTPA. The first count of the counterclaim provides, in paragraph 11, that "[t]he cross-defendant failed to notify the cross-plaintiffs of its error [in calculating the interest] in violation of12 C.F.R. § 26," and in paragraph 12, that "[t]he cross-defendant's conduct constituted an unfair or deceptive act or practice within the meaning of Conn. Gen. Stat. § 42-110b(a)."
It is not clear whether the defendants attempt to state a separate cause of action under both of the claimed violations or whether, as was recognized in Burgess v. Vanguard Insurance Co.,
supra, 192 Conn. 124, the defendants seek a "statutory action under CUTPA . . . based on an alleged violation of another statute," or, as here, based on a federal regulation. Id., 126. The court assumes it to be the latter and that the count "spell[s] out a single cause of action." Id.
Although initially the judges of the Superior Court of Connecticut were split on the issue of whether CUTPA applies to banks, the Connecticut Supreme Court has determined that CUTPA does so apply. See Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 508-21, 646 A.2d 1289 (1994). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' CT Page 5645 by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Fink v.Golenbock, 238 Conn. 183, 215, 680 A.2d 1243 (1996). "Alternatively, an act may violate CUTPA if it is deceptive. General Statutes § 42-110b." Ricotta v. Drummond, Superior Court, judicial district of Danbury, Docket No. 324047 (February 25, 1997, Stodolink, J.). "An act or practice is deceptive if three conditions are met. `First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material — that is, likely to affect consumer decisions or conduct.'" Southington Savings Bank v. Rodgers,40 Conn. App. 23, 28, 668 A.2d 733 (1995), cert. denied, 236 Conn. 908,670 A.2d 1307 (1996), quoting Caldor, Inc. v. Heslin,215 Conn. 590, 597, 577 A.2d 1009 (1990), cert. denied, 498 U.S. 1088
(1991). "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Internal quotation marks omitted.) S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993).
The defendants have failed to sufficiently allege any of the criteria of the "cigarette rule" and therefore the court grants the plaintiff's motion to strike the CUTPA cause of action. Specifically, the allegations of the first count of the counterclaim fail to allege how the practice of miscalculating the interest due on the note offends public policy as it has been established by statutes, the common law or otherwise. In addition, the allegations fail to demonstrate how such a practice is immoral, unethical, oppressive or unscrupulous. Finally, the allegations of the first count fail to allege how the practice causes substantial CT Page 5646 injury to consumers. The allegations of the first count of the counterclaim merely indicate that the plaintiff miscalculated the interest and charged the defendants more interest from the inception of the loan than was agreed upon. This is insufficient to allege a violation of CUTPA.
Similarly, count one of the counterclaim fails to allege that any representation or omission by the plaintiff was "likely to mislead consumers." See Southington Savings Bank v. Rodgers,
supra, 40 Conn. App. 28. Thus, the first count fails to meet the first of the three prongs in the test for a "deceptive practice" and, accordingly, the plaintiff's motion to strike the CUTPA cause of action is granted. See Ricotta v. Drummond, supra, Superior Court, Docket No. 324047.
The plaintiff also argues in its brief that the defendants have alleged nothing more than a single transaction, and therefore the CUTPA allegations fail to state a cause of action.[3] "Although there is a split of authority on the issue of whether an isolated act constitutes a general business practice, there is authority for the proposition that a single act is not sufficient to avoid a motion to strike." Vasquez v. Reveron, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 040066 (June 3, 1993, Curran, J.) (8 C.S.C.R. 673); see also DowCom, Inc. v. Rock, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468035 (May 16, 1996, Handy, J.) (17 Conn. L. Rptr. 150).
In consideration of the above, the court grants the plaintiff's motion to strike the CUTPA cause of action in the first count because it fails to state a cause of action upon which relief can be granted.
The plaintiff also argues in its brief that the defendants fail to indicate which subsection of "12 C.F.R. § 26" they rely upon in the first count of their counterclaim, and therefore the counterclaim should be stricken as the plaintiff is unable to raise a meritorious defense to the counterclaim.[4] As discussed, supra, although provided for in Practice Book § 109A, it is not mandatory for a party to specifically identify a statute in order to have a valid claim or defense under such provision. Indeed, Connecticut courts have held citation to the wrong statutory provision or regulation, as it appears here the defendants have done; see supra footnote 1; does not invalidate a claim or defense. See Steele v. Stonington, supra, 225 Conn. 222;Grinnell Fire Protection Systems Co. v. Hartford Fire InsuranceCT Page 5647Co., Superior Court, judicial district of Danbury, Docket No. 322081 (November 1, 1996, Moraghan, J.); Michael's Auto Body,Inc. v. Connecticut State Department of Labor, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525019 (January 21, 1994, Mulcahy, J.) (9 C.S.C.R. 211). Therefore, the plaintiff's argument in this regard is without merit.
However, the violation of a regulation under the federal Truth-in-Lending Act ("TILA") is not a proper counterclaim under Practice Book § 116 because it does not arise out of the same transaction as the plaintiff's complaint. "Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing . . . counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, supra,17 Conn. L. Rptr. 29. "Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage." Rinere v. M. Kalfus Building Design Corp., supra, Superior Court, Docket No. 388220.
By claiming a violation of a regulation under TILA, the defendants seek to attack the plaintiff's act or procedure of failing to notify the defendants of the error in calculation of the interest rate rather than attack the note by challenging the propriety of the interest rate itself. Therefore, the plaintiff's motion to strike the portion of the counterclaim alleging a violation of the federal regulations is granted.[5]
The plaintiff's motion to strike the defendants' counterclaims on the ground that they do not arise out of the same transaction as the complaint is granted because the counterclaims fail to sufficiently challenge the making, validity or enforcement of the note.
The Court By Curran, JTR