[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 31, 2000, the plaintiff, Citimortgage, Inc., filed a one count complaint against defendants Ronald W. Lovelett ("Lovelett") and Boulevard South Association, Inc. seeking to foreclose a mortgage on certain property in Waterbury, Connecticut, known as 23 Pearl Lake Road, Unit E. for Lovelett's failure to pay monthly installments after February 1, 2000. The plaintiff in its complaint alleges that the entire amount of the note, is presently due. In response, Lovelett filed an amended answer and seven special defenses. Thereafter, the plaintiff filed a motion to strike Lovelett's special defenses.
In his memorandum of law in opposition to the motion to strike, Lovelett does not contest the plaintiff's motion to strike his third and seventh special defenses and stipulates that the court may strike them.
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutCT Page 3035National Bank v. Voog, 233 Conn. 352, 354-55, 658 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946 (1996). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book §10-50. "In . . . ruling on the . . . motion to strike, the trial court recognize(s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992)
With respect to special defenses one and two, the plaintiff argues that notice of default was not a mandatory requirement under the note, so therefore the plaintiff did not have to give notice in order to accelerate and foreclose on the mortgage. Lovelett argues that according to Connecticut case law, notice of default was required under the note and mortgage in this case.
"Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions." (Internal quotation marks omitted.) CHFA v. John Fitch Court Associates Ltd. Partnership,49 Conn. App. 142, 149, 713 A.2d 900, cert. denied, 247 Conn. 908,719 A.2d 901 (1998). "A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such." CiticorpMortgage, Inc. v. Porto, 41 Conn. App. 598, 602, 677 A.2d 10 (1996). "While absence of written notice of default may be a necessary condition precedent to an action for foreclosure and may properly form the basis of a special defense, it becomes so only because of the express provisions of the mortgage documents." Babin and Associates, LLC v. Crossin,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363478 (Oct. 26, 1999, Mottolese, J.)
In the present case, Lovelett alleges that notice was required and refers to the language of the note that states "in the event of default, the note holder may send written notice to the maker thereof requiring the maker to pay immediately the full amount. . . ." While the note contains the word "may" in referring to giving notice of default, this does not mean that giving notice is optional. "The use of the term may in the notice provision of the note does not connote that the plaintiff had CT Page 3036 the option of sending notice prior to acceleration." Citicorp Mortgage,Inc. v. Porto, supra, 41 Conn. App. 603. If the language of the mortgage requires that notice of default be given before acceleration, then "the language of the mortgage creates a condition precedent that must be satisfied prior to foreclosure." Id., 602. (ruling that notice of default was required when the mortgage required notice, even though the note did not).
The plaintiff cites to Connecticut Housing Finance Authority v. JohnFitch Court Associates Ltd. Partnership, supra, 49 Conn. App. 142, in arguing that where the note does not require notice, the plaintiff can foreclose. That case, however, "is entirely distinguishable from the present action because it involved a note with language that explicitly waived demand and notice of default, and language in the mortgage deed that expressly provided for immediate acceleration at the time of a default. Id., 150.
In taking "the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency," Connecticut National Bank v. Douglas, supra,221 Conn. 536, special defenses one and two, alleging lack of notice of default, are properly plead because, as a matter of law, notice of default may be required in order to accelerate and foreclose even when the note contains optional notice language. Therefore, the court denies the motion to strike special defenses one and two.
The plaintiff next argues that special defenses four through six are invalid defenses because Lovelett fails to allege a breach or defense, and only disputes the amount of the debt. Lovelett argues that Practice Book § 23-18 requires that he dispute the amount of the debt as a defense in order to have a hearing to determine the correct amount.
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v. Edwards,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket CT Page 3037 No. 057496 (May 4, 1998, Curran, J.T.R.) (22 Conn. L. Rptr. 123); HomeSavings of America v. Hier, Superior Court, judicial district of Danbury, Docket No. 330825 (November 2, 1998, Moraghan, J.). "The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) CiticorpMortgage, Inc. v. Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (April 27, 2000, West, J.); GMAC MortgageCorp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.).
"There is a split of authority in the Superior Courts on the issue of whether a special defense alleging the use of the wrong interest rate in calculating the amount due on a mortgage loan amounts to a valid special defense." (Internal quotation marks omitted.)" Norwest Mortgage v.Edwards, supra, Superior Court, Docket No. 057496. Pursuant to equitable considerations, some courts have held that improper calculation of interest is a valid special defense in a foreclosure action. See People'sBank v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310482 (November 3, 1994, Ballen, J.); Bank of NewHaven v. Liner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.), aff'd,41 Conn. App. 908, 675 A.2d 10, cert. denied 237 Conn. 929, 678 A.2d 484
(1996); Dime Savings Bank v. Wu, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 107621 (November 25, 1991,Rush, J.) (7 C.S.C.R. 93).
Other courts have held that special defenses merely alleging errors in calculation of interest do not properly attack the making, validity or enforcement of the note and are therefore invalid. See Fleet NationalBank v. Martin, Superior Court, judicial district of Waterbury, Docket No. 146930 (May 1, 2000, West, J.); Norwest Mortgage v. Edwards, supra, Superior Court, Docket No. 057496; GMAC Mortgage Corporation v.Ferrante, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (Oct. 3, 1997, West J.); F.D.I.C. v. Brunetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294979 (March 31, 1993, Fuller, J.). ALI, Inc. v. Veronneau, Superior Court, judicial district of Waterbury, Docket No. 126431 (October 11, 1996,Kulawiz, J.) (17 Conn. L. Rptr. 677).
Specifically, this court, West, J., has held that special defenses that allege the plaintiff used the incorrect interest rate constitute "no more CT Page 3038 than a claim of periodic error in calculating the interest on the note, which may [affect] the amount of the debt, but it does not allege facts sufficient to prevent foreclosure of the mortgage under recognized defenses." GMAC Mortgage Corp. v. Ferrante, supra, Superior Court, Docket No. 343559; Fleet National Bank v. Martin, supra, Superior Court, Docket No. 146930. In addition, while the allegations in counts four through six are similar to a special defense based on unconscionability of interest rate, which has been held to constitute a valid special defense; see, e.g., Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1980); Lovelett fails to allege that "the interest rate was usurious or that the plaintiff gouged' the defendant." Norwest Mortgage v. Edwards, supra, Superior Court, Docket No. 057496; GMAC Mortgage Corporation v.Ferrante, supra, Superior Court, Docket No. 343559. Because allegations of incorrect interest rates are not valid as a special defense to foreclosure, and Lovelett does not allege unconscionable interest rates, the court strikes special defenses four through six.
For the foregoing reasons, the court denies the plaintiff's motion to strike with respect to special defenses one and two, and grants the motion to strike with respect to special defenses four, five, and six.
THOMAS G. WEST, J.