[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Equicredit Corporation of CT., has filed a one count complaint against the defendants, Toni and Anthony Braese, seeking foreclosure of a mortgage on property owned by Toni Braese located at 170 Meadow End Road, Milford, Connecticut. The complaint alleges that the defendants are in default for nonpayment of the loan which was secured by the mortgage. Both defendants signed the note evidencing the loan. The defendants filed an answer, special defense and counterclaim. In the special defense, the defendants allege that they tried to refinance and pay off the debt but they were not able to do so because the plaintiff demanded more than the true balance of the loan. In the counterclaim, the defendants allege that when they tried to refinance with another lender, the plaintiff, in demanding that the defendants pay a prepayment penalty, violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, et seq. The defendants claim that the plaintiff had previously stated that they would waive the prepayment penalty. CT Page 14639
The plaintiff has moved to strike the special defense and counterclaim. The plaintiff claims that the special defense and counterclaim do not relate to the making, validity or enforcement of the note or mortgage, are mere conclusions of law and are legally insufficient. The plaintiff also claims that the counterclaim is insufficient as the defendant has failed to allege acts occurring with such frequency to be general business practices under CUTPA. A memorandum has been filed in support of the plaintiffs motion. The defendants have not filed anything in opposition to the motion.[1]
Practice Book § 10-39 provides, in part, that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . counterclaim . . . to state a claim upon which relief can be granted, or . . . (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." The purpose of a motion to strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [pleader] . . . A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the [pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). If the facts of the [pleading] are not legally sufficient to state a cause of action, the [pleading] should be stricken. Gulak v. Gulak, 30 Conn. App. 305,620 A.2d 181 (1993). A plaintiff may move to strike a special defense.Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-355, 659 A.2d 172
(1995). When faced with such a motion, the trial court is "obligat[ed] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). A motion to strike also may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). CT Page 14640
The plaintiff moves to strike the special defense wherein the defendants allege that they tried to refinance and pay off the debt but they were not able to do so because the plaintiff demanded more than the true balance of the loan. "At common law, the only defenses to [a foreclosure action] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability, abandonment of security and usury." (Citations omitted; internal quotation marks omitted.)Southbridge Associates, L.L.C. v. Garofalo, 53 Conn. App. 11, 15,728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). Superior Court decisions have also recognized the equitable defenses of "equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure . . . refusal to agree to a favorable sale to a third party . . . duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v. Edwards, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998,Curran, J.) (22 Conn. L. Rptr. 123). "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action . . . Further, based on the same rationale, the defenses and counterclaims cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Id.;Rinere v. M. Kalfus Building Design Corp., judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto,S.T.R.).
Even construing the facts of the special defense in the manner most favorable to the defendant, a claim dealing with their inability to refinance the loan is not a legally sufficient defense as it does not deal with the making, validity or enforcement of the note or mortgage. The motion to strike the special defense is granted.
The plaintiff also moves to strike the counterclaim wherein the defendants allege that when they tried to refinance with another lender, the plaintiff, in demanding that the defendants pay a prepayment penalty, violated CUTPA. Practice Book § 10-10 provides, in part, "[i]n any action for legal or equitable relief, any defendant may file CT Page 14641 counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint." Although "some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing . . . counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn. L. Rptr. 29). "Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage." Rinere v. M. Kalfus Building Design Corp., supra. The making of the note and the . . . subsequent default is the `transaction' at issue. Bank Haven v. Liner, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.), aff'd, 41 Conn. App. 908, 675 A.2d 10, cert. denied,237 Conn. 929, 678 A.2d 484 (1996). The defendants' counterclaim, that the plaintiff violated the Connecticut Unfair Trade Practices Act by demanding that they pay a prepayment penalty when they tried to refinance with another lender, does not arise from the making of the note and the subsequent default.
The Connecticut Supreme Court has determined that CUTPA applies to banks. See Normand Josef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 518-21, 646 A.2d 1289 (1994). In determining whether a practice violates CUTPA, Connecticut courts have adopted the criteria set out in the "cigarette rule" by the federal trade commission for determining when a practice is unfair.[2] The court need not address the question whether the counterclaim, as pleaded by the defendant, complies with the criteria required by the cigarette rule. The court has previously held that, although there is a split of authority on the issue, more than an allegation of a single transaction by a party is needed to constitute a general business practice which would violate CUTPA. Norwest Mortgage v. Edwards, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.) (22 Conn. L. Rptr. 123); Vasquez v. Reveron, judicial district of Ansonia/Milford at Milford, Docket No. 040066 (June 3, 1993, Curran,J.) (8 C.S.C.R. 673)[3] There is nothing in the facts of the counterclaim, as pleaded, which would cause the court to change its previous position. As the facts of the counterclaim, which are based on only a single transaction, do not arise from the making of the note and the subsequent default, the counterclaim fails to state a claim upon which relief can be granted. The motion to strike the counterclaim is granted. CT Page 14642
THE COURT
by ____________
CURRAN, J.